IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| 3M COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:11-cv-4628 |
| § | |
| 3MPUMPS S.R.L. and § | |
| MPUMPS CORP, § | |
| § | |
| Defendants. § | JURY DEMANDED |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff 3M Company, through its undersigned counsel, alleges as follows based on personal knowledge and information and belief:

## NATURE OF ACTION AND JURISDICTION

1. This is an action for trademark infringement, unfair competition, and dilution under the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. §§ 1114, 1125(a) and (c); for trademark dilution under § 16.29 of the Texas Business and Commerce Code; and for trademark infringement and unjust enrichment under Texas common law.

2. The Court has jurisdiction over the subject matter of the Lanham Act claims pursuant to § 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338; the Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and between a citizen of

a state and a citizen/subject of a foreign state; therefore, the Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## PARTIES

4. 3M Company ("3M") is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

5. 3M is informed and believes, and on that basis alleges, that defendant 3MPumps S.R.L. ("3MPumps") is a limited liability company (*società a responsabilità limitata*) of Italy having its principal place of business at Via dell'artigianato, 120, 45015 Corbola RO, Italy. For the purpose of asserting diversity jurisdiction, 3M is informed and believes, and on that basis alleges, that nonparty Adriano Mischiatti is a citizen of Italy and the sole owner of defendant 3MPumps.

6. 3M is informed and believes, and on that basis alleges, that defendant MPumps Corp ("MPumps") is a Texas corporation having its principal place of business at 414 W Phillips Street, Suite 100, Conroe, Texas 77301. On information and belief, MPumps is a subsidiary or affiliate of 3MPumps.

## FACTS

### A. 3M'S BUSINESS AND TRADEMARKS

7. 3M owns the mark and trade name 3M (the "3M Mark"). 3M commenced use of the 3M Mark in commerce which may lawfully be regulated by Congress over a century ago. Since that time, 3M has continuously used the 3M Mark in commerce.

8. 3M is one of the world's most diversified companies. Over the years, 3M has expanded its use of the 3M Mark and presently offers more than 50,000 products and services in a wide variety of fields under the 3M Mark.

9.      3M has been supplying products for the oil and gas industry for over 50 years and currently offers 10,000 products in virtually every aspect of the industry, including exploration, production, transportation, refining, and marketing.

10.     3M has also supplied products for the pharmaceutical industry for over 50 years. As an example, currently 50% of all metered dose inhaler systems worldwide and 80% of all transdermal systems in the United States utilize 3M technology.

11.     For many years, 3M has displayed the 3M Mark as a part of a logo design.  3M's current logo, adopted in 1978, consists of "3M" in block Helvetica letters (as shown below). This logo is often displayed in red.  This logo is used in connection with almost every 3M product and service, and is displayed prominently on 3M's website at www.3M.com.



12.     3M has developed an enormous amount of goodwill in its 3M Mark and has established an excellent business reputation.  The 3M Mark is extremely well-known and respected by consumers.  The 3M Mark represents products indicative of 3M's commitment to providing high-quality, innovative products and services to consumers.

13.     The 3M Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

14.     As a result of the long use and promotion of the 3M Mark by 3M, the 3M Mark has become distinctive to designate 3M, to distinguish 3M and its products and services from those of other businesses, and to distinguish the source or origin of 3M's products and services. As a result of these efforts by 3M, the consuming public in Texas and throughout the United States widely recognizes and associates the 3M Mark with 3M and its diverse offering of

products and services.

15. The 3M Mark is famous throughout the United States, including in Texas, and is highly distinctive.

16. The 3M Mark is widely recognized by the general consuming public of the United States as a designation of source of 3M's goods and services.

17. The 3M Mark is well known to those in the oil and gas industry.

18. The 3M Mark is well known to those in the pharmaceutical industry.

19. As a result of 3M's long use and promotion of the 3M Mark, 3M has acquired valuable common law rights in the 3M Mark.

20. In accordance with federal law, 3M has registered the 3M Mark on the Principal Register of the United States Patent and Trademark Office.  3M now owns hundreds of U.S. registrations for the 3M mark for numerous products and services.  *See, e.g.*, U.S. Reg. Nos. 1214547, 1270473, 1363965, 1410228, 1599607, 1729347, 1959106, 1959107, 1959108, 1959109, 2072005, 2103462.  These registrations are valid and subsisting, and many are incontestable pursuant to § 15 of the Lanham Act, 15 U.S.C. § 1065.

**B. DEFENDANTS' ACTIVITIES**

21. Defendants offer pumps and related products across a variety of industries using marks that include "3M," or marks that are otherwise confusingly similar to the 3M Mark including 3M PUMPS, 3MPUMPS, M PUMPS, and MPUMPS (the "3MPumps Marks").

22. The 3MPumps Marks are prominently displayed on 3MPumps' website, http://www.3mpumps.com/.  The landing page of 3MPumps' website also displays the mark and name "MPumps" which links to MPumps' website, http://www.mpumpscorp.com/index.php.

23. On information and belief, Defendants currently use the 3MPumps Marks in

connection with products including pumps for the oil and gas and pharmaceutical industries in the United States, including Texas.

24.     MPumps often promotes its affiliation with 3MPumps, including through its agents, its website, and its marketing materials.  For example, the landing page of MPumps' website at http://www.mpumpscorp.com/ redirects immediately to 3MPumps' landing page, where the MPumps name is prominently displayed next to the 3MPumps name.  Also, MPumps' website states in part, "Our CEO was, for 27 years, the head of engineering for Caster pumps, and moved on to start 3MPumps (MPumps in the Americas)."

25.     Defendants attended the 27th International Pump Users Symposium in Houston, Texas, in September 2011 as an exhibitor.  At their booth, they displayed pumps that bore the 3MPumps Marks, including what appeared to be simply "3M,"[1] and distributed promotional materials bearing the 3MPumps Marks.  Defendants marketed themselves inconsistently as MPumps and 3MPumps.  For example, the representatives present at the booth wore shirts with the logo for 3MPumps, whereas certain printed materials displayed the MPumps name.

26.     Defendants advertised in a trade publication in August 2011 which included an announcement of their exhibition at the symposium discussed above, and also stated that they are "ACTIVELY SEEKING REPS ACROSS N. AMERICA."  The advertisement also stated, "3MPUMPS IN THE USA IS M PUMPS CORP."

27.     Defendants are using the 3MPumps Marks in commerce.

28.     Defendants are not affiliated with or sponsored by 3M and have not been authorized by 3M to use the 3M Mark, the 3MPumps Marks, or any confusingly similar mark.

---

[1] The wording "PUMPS" may have displayed under the prominent "3M," however, if that wording did appear, it was very small and essentially indecipherable from a short distance.

29. 3M has notified 3MPumps of its trademark rights, and has challenged 3MPumps' marks in jurisdictions outside of the United States. Despite 3M's objections, 3MPumps has now set up MPumps as a corporate entity in the United States, established office space in Conroe, Texas, is actively seeking to hire personnel, and is offering products bearing the 3MPumps Marks in the United States.

### C. EFFECT OF DEFENDANTS' ACTIVITIES

30. Defendants' unauthorized use of the 3MPumps Marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendants with 3M, or as to the origin, sponsorship, or approval of Defendants or their products and services by 3M.

31. Defendants' unauthorized use of the 3MPumps Marks falsely designates the origin of their products, and falsely and misleadingly describes and represents facts with respect to Defendants and their products and services.

32. Defendants' unauthorized use of the 3MPumps Marks enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by 3M over many years, and to gain acceptance for their products and services not solely on their own merits, but on the reputation and goodwill of 3M, its 3M Mark, and its products and services.

33. Defendants' unauthorized use of the 3MPumps Marks is likely to cause dilution by blurring of 3M's famous 3M Mark.

34. Defendants' unauthorized use of the 3MPumps Marks unjustly enriches Defendants at 3M's expense. Defendants have been and continue to be unjustly enriched by obtaining a benefit from 3M by taking undue advantage of 3M and its goodwill. Specifically, Defendants have taken undue advantage of 3M by trading on and profiting from the goodwill in

the 3M Mark developed and owned by 3M, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own business and services.

35. Defendants' unauthorized use of the 3MPumps Marks removes from 3M the ability to control the nature and quality of products and services provided under the 3M Mark and places the valuable reputation and goodwill of 3M in the hands of Defendants, over whom 3M has no control.

36. Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to 3M and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

37. 3M repeats the allegations above as if fully set forth herein.

38. The acts of Defendants complained of herein constitute infringement of the federally registered 3M Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of 3M's rights in the 3M Mark, and with intent to cause confusion and to trade on 3M's vast goodwill in the 3M Mark. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT II: COMMON LAW TRADEMARK INFRINGEMENT

40. 3M repeats the allegations above as if fully set forth herein.

41. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT III: FEDERAL UNFAIR COMPETITION

42. 3M repeats the allegations above as if fully set forth herein.

43. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

### COUNT IV: COMMON LAW UNFAIR COMPETITION

44. 3M repeats the allegations above as if fully set forth herein.

45. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT V: FEDERAL DILUTION

46. 3M repeats the allegations above as if fully set forth herein.

47. Defendants' use in commerce of the 3MPumps Marks is likely to cause dilution by blurring of the famous 3M Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48. Defendants willfully intended to trade on the recognition of the famous 3M Mark.

### COUNT VI: DILUTION UNDER TEXAS LAW

49. 3M repeats the allegations above as if fully set forth herein.

50. The acts of Defendants complained of herein constitute dilution of the 3M Mark in violation of Texas Business and Commerce Code § 16.29.

### COUNT VII: UNJUST ENRICHMENT

51. 3M repeats the allegations above as if fully set forth herein.

52. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of 3M.

**DEMAND FOR RELIEF**

3M demands that:

(a) Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from using the mark and names 3M, 3MPUMPS, 3M PUMPS, MPUMPS, and M PUMPS, the domain names 3mpumps.com and mpumpscorp.com, and any other mark, whether in word or design form, trade name, company name, domain name, or designation that is confusingly similar to or likely to cause dilution of the 3M Mark, and from any attempt to retain any part of the goodwill misappropriated from 3M;

(b) Defendants be ordered to file with this Court and to serve upon 3M, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(c) 3M recover all damages it has sustained as a result of Defendants' activities and that the damages be trebled;

(d) An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to 3M, increased as the Court finds to be just under the circumstances of this case;

(e) 3M recover its reasonable attorney fees;

(f) 3M recover its costs of this action and prejudgment and post-judgment interest; and

(g) 3M recover such other relief as the Court may deem appropriate.

**JURY DEMAND**

      3M demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

      Respectfully submitted,

Dated: 12/30/11

*s/William G. Barber*
William G. Barber
Attorney-in-Charge
Texas Bar No. 01713050
Southern District of Texas Bar No. 11142
PIRKEY BARBER LLP
600 Congress Avenue, Suite 2120
Austin, TX  78701
Telephone: (512) 322-5200
Facsimile:  (512) 322-5201

ATTORNEYS FOR PLAINTIFF
3M COMPANY

Of Counsel:
Steven P. Meleen
Texas Bar No. 00795776
Southern District of Texas Bar No. 24154
PIRKEY BARBER LLP
600 Congress Avenue, Suite 2120
Austin, TX  78701
Telephone:  (512) 322-5200
Facsimile:  (512) 322-5201